EMELINE FORD v. CLARA BUSHOR, ADMINISTRATRIX.

*Costs dependent on judgment.*

Action was brought for a personal assault and the conversion of a buggy, in one count, and judgment being recovered for $75, the court gave costs to defendant on the ground that the recovery for the assault was for less than $50. *Held*, error, there being no separate finding on the value of the buggy, nor any certainty that it was included in the verdict, or that if it was, the jury considered it worth more than $25.

Error to Wayne. (Chambers, J.) April 25.—April 30.

CASE. Plaintiff brings error. Reversed.

*Fraser & Gates* for appellant.

*Sylvester Larned* and *George H. Penniman* for appellee.

COOLEY, C. J. The plaintiff brought suit for an assault and battery, and for a taking from her of a buggy and converting the same to the use of the intestate. The assault and the conversion were set out in a single count, in a statutory action on the case. The plaintiff recovered a judgment for seventy-five dollars and twenty-seven cents, and the court awarded judgment to the defendant for costs, on the ground

that the plaintiff's recovery for the assault was less than fifty dollars.

We do not see how the court could say this. There was no separate finding by the jury upon the value of the buggy, and the evidence respecting it varied from quite a small sum up to seventy-five dollars. It was shown that the defendant sold it for eighteen dollars, and it is quite possible the jury may have considered this the whole value. If it be conceded, therefore, that the jury included the value of the buggy in their verdict,—which we cannot be certain was the case,—it is still uncertain whether the award for the personal injury was less than fifty dollars. The plaintiff should, therefore, have had judgment for costs. It will be ordered accordingly.

The other Justices concurred.